1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| REAL CHANGE, a Washington non-profit corporation; SHARE, a Washington non-profit corporation; WHEEL, an unincorporated association; NICKELSVILLE, an unincorporated association; TIM HARRIS, an individual; JARVIS CAPUCION, an individual; and TRACEY DEGARMO, an individual; <br><br>    Plaintiffs, <br><br>       v. <br><br> THE CITY OF SEATTLE and SEATTLE PARKS AND RECREATION, a Washington Municipal corporation; CHRISTOPHER WILLIAMS, in his individual and official capacity; and, JEFF HODGES, in his individual and official capacity; <br><br>    Defendants. | No. 2:12-cv-681 <br><br><br><br><br><br><br><br><br> COMPLAINT <br><br><br><br><br><br> JURY DEMAND |

22

COME NOW Plaintiffs Real Change, a Washington nonprofit corporation, SHARE, a

23

Washington nonprofit corporation, WHEEL, an unincorporated association, Nickelsville, an

24

unincorporated association, Timothy Harris, an individual, Jarvis Capucion, an individual; and

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

Tracey Degarmo, an individual, claim and allege as follows:

## Introduction

1) This complaint seeks relief from the City of Seattle and its elected and appointed officials' use of an unconstitutional discretionary permitting system in Seattle City Parks.

## Jurisdiction and Venue

2) This is an action for money damages, and for declaratory and injunctive relief brought under 42 U.S.C. § 1983 and 28 U.S.C. §2201–02.

3) This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

4) This Court has supplemental jurisdiction over related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5) Venue is proper in this District under 28 U.S.C. § 1391(b)(1)–(2) because the relevant facts giving rise to Plaintiff's claims occurred in this District.

## Parties

6) Plaintiff Real Change is non-profit organization that exists to provide opportunity and a voice for low-income and homeless people while taking action for economic justice.

7) Plaintiff Tim Harris is the Executive Director of Real Change.

8) Plaintiff Share/Wheel is a partnership of two non-profit organizations, the Seattle Housing and Resource Effort (SHARE) and the Women's Housing, Equality and Enhancement League (WHEEL) made up of homeless and formerly homeless men and women.

9) Plaintiff Nickelsville is an unincorporated association of individuals managed under Jam for Justice, 501(c)(3) that provides an eco village for up to 1000 people in South Seattle.

10) Defendant Jeff Hodges is, and was at all times pertinent to this suit, Seattle Parks

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

1

Department Director.

2

11)   Defendant Christopher Williams is, and was at all times pertinent to this suit, the Seattle

3

Parks Department Superintendent.

4

12)   Defendant Parks Department is an agency of the City of Seattle.

5

13)   Defendant City of Seattle is a municipal corporation in King County, Washington.

6

## Facts

7

### Plaintiff Real Change's Permit Application

8

14)   Plaintiff Real Change applied for a permit to use the park continuously from noon on April

9

24 until noon on April 25.

10

15)   The event seeks to erect tents in Westlake Park and leave these tents erected overnight so

11

as to draw attention to the lack of essential survival services in Seattle.

12

16)   Real change seeks to draw power from the city outlets to light their event.

13

17)   Real change has requested the application fee be waived.

14

18)   Both their request for fee waiver and for a permit have been "denied."

15

19)   The "denial" was appealed.

16

20)   A private meeting was demanded by the Parks Department.

17

21)   When Real Change did not assent to demands made at the meeting, the appeal was denied.

18

### Parks Permitting Scheme – Seattle Municipal Code 18.12

19

22)   The City of Seattle and its Parks Department operate the Parks Use Permitting Scheme

20

under authority granted by chapter 18.12 of the Seattle Municipal Code (SMC).

21

23)   The Parks Use Permitting Scheme provides specific instances in which an individual or

22

23

24

COMPLAINT

Page 3

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

group must be permitted[1] by the city under SMC 18.12.42 to make use of a city park.

24) These uses include using amplified sound in any public park,

25) Erecting any structure in a public park, and

26) Remaining in a park past the park curfew.

27) Fees for the issuance of a Park Use permit can be charged or waived within the discretion of the Superintendent of the Parks Department pursuant to SMC 18.12.

28) SMC 18.12 does not include any rules, standards, factors, or suggestions governing whether a permit for any of these park uses will be granted, denied, or subject to additional provisions.

29) It does not include any deadlines for response to an application for a permit.

30) It does not include whether a response to an application must be in writing.

31) It does not include a list of fees that may be charged.

32) It does not include whether public meetings may be required.

33) It does not include whether the city may require negotiations with outside actors.

34) It does not provide an effective method for appeal, either administrative or judicial.

35) SMC 18.12 places unlimited and unbridled discretion in the Parks Department, its Director Jeff Hodges, its Superintendent Chris Williams, and the City of Seattle to grant or deny permits, require additional conditions, or ignore applications altogether.

36) Failure to comply with any conditions or demands made by the Parks Department, the Director, or the Superintendent would cause an applicant to face denial of their Park Use Permit.

---

[1] In this complaint, all use of the word "permitted" is intended to mean the act of granting a paper permit.

COMPLAINT

Page 4

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

**Fees**

37)   The City's current custom and practice allows the Parks Department to decide which fees to charge of permit applicants and which to waive.

38)   The typical fee is $75 fee regardless of the size of the event or the administrative work involved.

39)   This fee is purportedly to offset the costs of processing applications.

40)   However, this fee is not collected until after the permit is granted.

41)   If an applicant alleges the event is protected by the First Amendment the fee is reduced to a $50 "First Amendment Fee" but not waived.

42)   Defendant Jeff Hodges has repeatedly asserted that this fee cannot be waived.

43)   However, under both SMC 18.28.010(B) and Ordinance 123759, the Superintendent has the authority to waive fees for services and facilities.

44)   Neither SMC 18.28.010(B) nor Ordinance 123759 provide the Superintendent with any guidance on when fees may be waived.

45)   Also, this "administrative" fee has been waived for other permit applicants within the last year.

46)   Specifically, all fees were waived for a permit issued to the Downtown Seattle Association (DSA) for their permit granted from November 2011 until January 2012.

47)   When Defendants waive an application fee, there is no written record as to objective standard or characteristic justified the waiver.

**Amplified Sound**

48)   The city's current custom and practice allows the Parks Department the discretion to impose amplified sound cut off times at any time.

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

49) The city's current custom and practice allows the Parks Department the discretion to impose amplified sound decibel limits at any volume.

50) The city's custom and practice makes no distinction between free speech and non-free speech activities.

51) The denial of amplified sound can effectively deny a political rally or event.

52) Jeff Hodges has previously exercised this discretion to require permit applicants to terminate events at hours other than those expressed in noise ordinances and those required of other permitted events.

53) For example, Mr. Hodges issued a permit for a holiday caroling event, which included amplified sound until 8:30 p.m.

54) As another example, Mr. Hodges at first denied a permit for a hip-hop themed political rally with the demand that amplified sound cease at 6 p.m. citing "seasonal interpretations."

55) This distinction in cut-off time for amplified sound is an example of the exercise of inconsistent discretion.

56) This discretion was exercised because the event at issue was political speech in the form of hip hop.

**Tents/Structures**

57) The city's current custom and practice allows the Parks Department the discretion to allow or deny structures in the park.

58) This discretion is regularly used to permit for-profit corporations to erect large, semi-permanent structures but deny structures to political applicants.

59) For example, Defendants permitted Target Corporation to erect several large tents for

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

1   several days of corporate promotion in Westlake Park in early October, 2011.

2   60)   For another example, Defendants annually permit DSA to erect several large tents and

3   other structures for four to five weeks for winter holiday promotion

4   61)   The city's policy fails to account for the difference between structures with political speech

5   value and those that have no speech value.

6   62)   Plaintiffs' permit application seeks to erect tent structures in the park for twenty-four hours

7   to draw attention to lack of survival services in Seattle.

8   63)   The erection of these structures will comply with all ordinances and state regulations, such

9   as fire code, except for Defendants' parks permitting ordinance because Defendants'

10   denied the permit.

11   64)   Erecting these tent structures at the Plaintiffs' event has speech value.

12   65)   The City has arrested those expressing political speech in Westlake Park in the past solely

13   because they did not have a permit.

14   66)   On October 5, 2011 Occupy Seattle protestors engaged in political speech involving tents

15   were arrested because they did not have a permit to have tents in the park.

16   67)   If Real Change is not allowed to erect tents in the park it will significantly impede Real

17   Change's ability to convey its message about survival resources in Seattle and will subject

18   any participants in the event to arrest.

19   68)   The city's discretion to allow tent structures for some events and not others is granted to it

20   by the lack of clear guidelines in its permitting ordinance, SMC 18.12, for when an event

21   will and will not be permitted.

22   69)   Because the ordinance does not include these guidelines, Courts are unable to determine

23   whether the denial of the permit is viewpoint-based discrimination.

24

COMPLAINT

Page 7

70) The Parks Department utilizes its discretion to effect viewpoint-based discrimination.

**Curfew**

71)  Defendants' ordinance, as well as current custom and practice, allow the discretion to permit groups to remain in parks past curfew.

72) On knowledge and belief, , and based on statements from Jeff Hodges, Defendants have issued permits not subject to curfew.

73) On knowledge and belief, and based on statements from Jeff Hodges, Defendants began including curfew provisions in October, 2011 in response the Occupy Seattle protests.

74) These examples of inconsistent treatment indicate invidious viewpoint discrimination.

75) The city currently allows pedestrians and other individuals to remain in Westlake Park after hours.

76) The City tends to enforce the curfew only against those groups and events whose speech it disagrees with.

77) The city's custom and practice is to use curfew enforcement only as a tool to curtail unpopular political speech.

78) The city's current actions relating to the curfew ordinance makes no exception for political speech that occurs after 10 p.m.

79) Decisions regarding curfew are within the discretion of the Parks Department and its agents and are not governed by any published rules, guidelines, or standards.

80) The city does not have a compelling government interest in preventing the mere presence of individuals in the park after 10 p.m. when those individuals are complying with all other laws and regulations.

81) For example, defendants permit individuals to remain in the park after curfew to set up and

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

guard structures and other equipment.

**Deadlines**

82) SMC 18.12 does not prescribe any deadlines for when Defendants must respond to an application for a permit.

83) Sometimes Defendants review a permit and communicate a denial in one day.

84) Sometimes Defendants take six weeks to review a permit and communicate a denial.

85) Under the current scheme, the Parks Department could potentially wait until 1 hour before an event is scheduled to start and then communicate a denial.

86) This substantial uncertainty regarding the time necessary to obtain a permit significantly burdens permit seekers who need significant lead time to properly organize and publicize an event, and has the effect of chilling constitutionally protected speech.

87) Without formal deadlines, the opportunity to seek review of the Parks Department's decision can be easily burdened by the behavior of the Department.

**Written Opinions/Formal Denial**

88) SMC 18.12 does not require Defendants to formally deny a permit as it is written.

89) The current custom and practice used by the Parks Department is typically to telephone the applicant with additional conditions, which the applicant must agree to before the permit will be issued.

90) This practice does not allow a participant to know if they have been formally denied so as to allow them to engage in either administrative or judicial appeal.

91) SMC 18.12 does not ensure access to a meaningful administrative appeal process, and does not ensure access to any judicial review process at all.

92) Failure to provide applicants with a meaningful and transparent administrative and judicial

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

review process chills constitutionally protected speech by forcing applicants to obtain legal counsel and file lawsuits to protect fundamental rights.

93)   The Parks Department's current custom and practice is to communicate these "denials" by phone.

94)   This does not allow a sufficient record on which to appeal or to determine if viewpoint based discrimination is occurring.

95)   Every group known to have used the appeals process was forced to assume that they had been denied as they were never formally told their permit had been denied.

96)   Without assuming a denial the applicant would have been denied without an opportunity to administratively appeal.

97)   With the opportunity to administratively appeal, judicial appeal may have been foreclosed.

**Public Meetings and Private meetings**

98)   Under SMC 18.12's sweeping grant of power to the Superintendent, it is the Defendants' custom and practice in the exercise of its unbridled discretion to require applicants to attend private and/or public meetings with any other individual or entity as part of the application and appeal process.

99)   These meetings are only required of some applicants and place a substantial burden on the applicants forced to attend, who frequently must bring legal counsel.

100)  There are no rules, standards, or guidelines for when a meeting will be required by the Parks Department.

101)  These meetings can be required based on the viewpoint of the event or applicant.

102)  Without guidelines or a written decision about what has created a need for the meeting, judicial officers cannot determine whether viewpoint discrimination is occurring.

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

103) Hip Hop Occupies was required to attend a closed-door meeting with community members and required to assent to the demands of non-Parks Department community interests.

104) Real Change was also required to attend a closed-door meeting.

105) Failure to attend or assent to demands would have resulted in denial of the permit.

**Good Neighbor Policy**

106) The City of Seattle claims a government interest in being a good neighbor.

107) The good neighbor policy can include a determination of whether the viewpoint of the event is controversial to neighbors.

108) This determination affects the permitting process.

109) The Hempfest event has faced additional hurdles during the permitting process merely because the event advocates for drug law reform.

110) The Good Neighbor Policy and the discretion vested in the Parks Department the controversial viewpoint of an event may be considered in the permitting process.

**<u>First Cause of Action: Declaratory Judgment: SMC 18.12 is Unconstitutional</u>**

111) The Permitting Scheme Ordinance vests unconstitutional unbridled discretion in City officials to waive or require permit fees, permit amplified sound, erect structures, require adherence to the curfew, require additional meetings, make additional demands, or create undue delay in granting or denying permits.

112) Defendants' actions, customs, and/or practices constitute an unconstitutional prior restraint on political speech.

113) Defendants' actions, customs, and/or practices in issuing parks permits affecting political speech are not governed by narrow, objective, or definite standards.

114) Defendants' actions, customs, and/or practices reflect an unconstitutional level of

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

1   unbridled discretion.

2   115) Defendants' actions, customs, and/or practices have dissuaded others from applying for

3        parks permits or planning speech activities in parks.

4   116) Plaintiff is entitled to a declaration that the Defendants violated their free speech rights.

5   117) Plaintiff is entitled to a declaration that SMC 18.12 is unconstitutional as applied to

6        Plaintiff and on its face.

7   118) The City of Seattle should be permanently enjoined from enforcing SMC 18.12.

8   <u>**Second Cause of Action: 42 U.S.C. § 1983 – First Amendment**</u>

9   119) The Defendants' actions, customs, and practices, undertaken under color of state law,

10       constitute a violation of the Plaintiff's First Amendment Rights actionable under 42 U.S.C.

11       § 1983.

12  120) Defendants' actions, customs, and/or practices constitute an unconstitutional prior restraint

13       on political speech.

14  121) Defendants' actions, customs, and/or practices in issuing parks permits affecting political

15       speech are not governed by narrow, objective, or definite standards.

16  122) Defendants' actions, customs, and/or practices reflect an unconstitutional level of

17       unbridled discretion.

18  123) Defendants' actions, customs, and/or practices have dissuaded others from applying for

19       parks permits or planning speech activities in parks.

20  124) As a proximate result of the Defendants' actions, Plaintiff and others were damaged and

21       continue to be damaged.

22  125) Plaintiff is entitled to a declaration that the Defendants violated their free speech rights.

23  126) Plaintiff is entitled to an injunction prohibiting they City from violating their civil rights.

24

COMPLAINT

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

127) Plaintiff is entitled to an injunction prohibiting the City from using SMC 18.12 in its current form.

### Third Cause of Action 42 U.S.C. § 1983 – Fourteenth Amendment

128) The Defendants' actions, customs, and practices, undertaken under color of state law, burden a fundamental right protected by the Fourteenth Amendment and are not narrowly tailored to a compelling government interest.

129) As a proximate result of the Defendants' actions, Plaintiff and others were damaged and continue to be damaged.

### Jury Demand

130) Pursuant to Rule 38 of the Federal Rules of Civil Procedure, a jury trial is demanded on all causes of action.

### Prayer for Relief

131) For declaratory relief and permanent injunctive relief;

132) For nominal damages of 99 percent of one dollar, for the violation of constitutional rights;

133) For an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

134) For such other and further relief the court deems just and equitable.

Respectfully submitted this 19th day of April, 2012.

By: s/Braden Pence

Braden Pence #43495
Law Office of Braden Pence PLLC
1102 8th Ave, #714
Seattle, WA 98101
Telephone: (206) 551-1516
Fax: (206) 673-2223
Email: braden@pencefirm.com
Attorney for Plaintiffs

COMPLAINT

Page 13