UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REAL CHANGE, a Washington non-profit corporation; SHARE, a Washington non-profit corporation; WHEEL, an unincorporated association; NICKELSVILLE, an unincorporated association; TIM HARRIS, an individual; JARVIS CAPUCION, an individual; and TRACEY DEGARMO, an individual;<br><br>    Plaintiffs,<br><br>        v.<br><br>THE CITY OF SEATTLE and SEATTLE PARKS AND RECREATION, a Washington Municipal corporation; CHRISTOPHER WILLIAMS, in his individual and official capacity; and, JEFF HODGES, in his individual and official capacity;<br><br>    Defendants. | No. 2:12-cv-681<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Having considered Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and any responses thereto, the Court hereby FINDS, ORDERS AND DECREES:

1. Plaintiffs are likely to suffer irreparable harm to their constitutional rights should they

    be prevented from continuously and peacefully assembling at Westlake Park from April

Page 1

1. 24-25;
2. Plaintiffs are likely to suffer irreparable harm to their constitutional rights should they be prevented from using tents as a form of political express during their assembly at Westlake;
3. Plaintiffs are likely to succeed on the merits of their claims because the Seattle Municipal Code (SMC) 18.12 is a per se unconstitutional prior restraint under the Washington Constitution;
4. Plaintiffs are likely to succeed on the merits of their claims because SMC 18.12 is overbroad for failure to include standards to guide Defendants' discretion;
5. Plaintiffs are likely to succeed on the merits of their claims because SMC 18.12 is overbroad for failure to require Defendants to issue written decisions on permit applications;
6. Plaintiffs are likely to succeed on the merits of their claims because SMC 18.12 is overbroad for failure to provide a process for review and appeal;
7. Plaintiffs are likely to succeed on the merits of their claims because there are indications that Defendants have exercised viewpoint-based restrictions when denying Plaintiffs' application for a free speech- and peaceful assembly-related a park permit;
8. The balance of equities and the public interest tip in Plaintiffs favor because the rights at stake are fundamental, the event will not significantly burden Defendants, and the public has an interest in the vindication of constitutional rights,
9. Defendants are hereby ordered to refrain from interfering with the event for which Plaintiffs' requested a permit, specifically: twenty-four hour presence in Westlake Park beginning at noon on April 24, 2012 and running through noon on April 25, 2012 and

1     the use of tents, provided Plaintiffs comply with all applicable laws, rules, and

2     regulations; and

3   10. Defendants are hereby enjoined from denying any permit for free speech and assembly

4     activities in Seattle public parks until a full preliminary injunction hearing.

7 Dated this ___ day of April, 2012.

9 _____
UNITED STATES DISTRICT JUDGE

12 Presented by:

13 By: s/Braden Pence

14 Braden Pence #43495
Law Office of Braden Pence PLLC
15 1102 8th Ave, #714
Seattle, WA 98101
16 Telephone: (206) 551-1516
Fax: (206) 673-2223
17 Email: braden@pencefirm.com
Attorney for Plaintiffs

[PROPOSED] ORDER ON MOTION FOR     LAW OFFICE OF BRADEN PENCE PLLC
TEMPORARY RESTRAINING ORDER     1102 EIGHTH AVE., #714
    SEATTLE, WA 98101
Page 3     PHONE: (206) 551-1516