Hon. Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REAL CHANGE, a Washington non-profit corporation; SHARE, a Washington non-profit corporation; WHEEL, an unincorporated association; NICKELSVILLE, an unincorporated association; TIM HARRIS, an individual; JARVIS CAPUCION, an individual; and TRACEY DEGARMO, an individual;<br><br>   Plaintiffs,<br><br>      v.<br><br>THE CITY OF SEATTLE and SEATTLE PARKS AND RECREATION, a Washington Municipal corporation; CHRISTOPHER WILLIAMS, in his individual and official capacity; and, JEFF HODGES, in his individual and official capacity;<br><br>   Defendants. | No. 2:12-cv-681<br><br>NOTE ON MOTION CALENDAR: 4/23/2012 AT 1:30 A.M.<br><br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY AND PRELIMINARY INJUNCTION |

Plaintiffs respectfully submit the following points and authorities in Reply to Defendants' Opposition to Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

Page 1

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

**BRIEF SUMMARY**

Plaintiffs do not dispute that Defendants can regulate expressive use of Westlake. Defendants cannot do so, however, when 1) using a permit scheme that lacks any guidance about how discretion to permit overnight use and use of structures will be exercised and 2) a less-restrictive regulation of that assembly would accomplish Defendants' legitimate objectives. Using the parks permit scheme to deny Plaintiffs' proposed overnight assembly is **<u>not narrowly tailored</u>** to accomplish a significant governmental interest.

Plaintiffs are happy to accept reasonable conditions that actually serve legitimate governmental interests, including **limiting the number of tents and participants,** limiting noise, employing SaniCans, not distributing food other than pre-packaged items, abiding by directions from fire marshals and health inspectors, and properly disposing of garbage.

At the end of Plaintiff's 24-hour continuous political assembly in n Westlake Park, Seattle's town square, Plaintiffs will disband and depart. Plaintiffs have carefully crafted political message for specific audiences, see Exhibit 1 to Second Dec. of Pence, have a proven track record of being able to deliver on promises and work within reasonable limitations imposed by the City. Plaintiffs are well organized and have taken precautions to ensure a smooth event, including providing security.

1. <u>The Parks permitting scheme does not operate as a valid time, place and manner restriction on Plaintiffs' proposed speech</u>

While Plaintiffs' brief cited *October 22 Coalition v. Seattle*, 550 F.3d 788 (9th Cir. 2008) on twelve occasions, Defendants simply ignored it, failing to mention it anywhere in their brief. To be valid under the First Amendment, licensing or permitting schemes that regulate competing access to public space "(1) must not delegate overly broad discretion to a government official; (2) must not be based on the content of the message; (3) must be narrowly tailored to serve a

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMP. AND PERM. INJUNCTION

Page 2

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

significant governmental interest; and (4) must leave open ample alternatives for communication." *October 22 Coalition v. Seattle,* 550 F.3d 788, 798 (9th Cir. 2008) (citation omitted). Plaintiffs are likely to succeed on the merits because a) Defendants' parks permitting scheme is overbroad and b) Defendant's ban on overnight use is not narrowly tailored.

    a. <u>Defendants' Response completely ignores the most straightforward basis for granting the TRO: the permitting scheme is invalid under *October 22 Coalition* because it lacks standards to guide discretion</u>

The Seattle Parks permitting ordinance suffers from the same facial defect with respect to speech activity in parks that invalidated the City's former parade permitting ordinance in *October 22 Coalition*: it lacks standards to guide the discretion of local officials whom it empowers to permit or deny or modify First Amendment activity. *Id.* at 796.

Even if it were true that the City has not allowed camping in Seattle parks, that fact does not resolve the *October 22 Coalition* problem with the Parks permitting scheme: "[T]he success of a facial challenge on the grounds that an ordinance delegates overly broad discretion to the decisionmaker rests <u>not on whether the administrator has exercised his discretion</u> in a content-based manner, but *whether there is anything in the ordinance preventing him from doing so.*" *Forsyth County v. Nationalist Movement,* 505 U.S. 123, 133 n. 10 (1992).

The Parks permitting ordinance fails for the same reasons the October 22 Coalition ordinance failed, all of which were adequately addressed in Plaintiffs motion. *October 22 Coalition,* 550 F.3d at 801-03.

    b. <u>The denial of Plaintiffs' proposed overnight encampment is not narrowly tailored to accomplish a significant government objective</u>

Defendants' brief points repeatedly to a parade of horribles they seek to avoid by enforcing a complete ban on overnight presence in Seattle parks. These ills supposedly were experienced during Occupy Seattle's unpermitted encampment at Westlake Park last fall.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMP. AND PERM. INJUNCTION

Page 3

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

When and if speakers seek a permit to maintain a sustained encampment for days or weeks at a time in Westlake, that permit will present a fair question of whether outright denial is a valid time, place and manner restriction, narrowly tailored to accomplish significant government objectives, or whether it is an overly broad ban.  This, however, is not that case.

This is a proposed 24-hour assembly in Westlake Park to demonstrate concretely both the speakers' substantive issues (that many in our community are forced to live outside) and their commitment to seeing those issues addressed (by sustaining their assembly for 24 hours). Defendants have already agreed to permit ***the exact same conduct***, including the use of a limited number of "symbolic" tents, during daytime hours, when businesses are open, the number of passersby is greater, and there may be legitimate competing uses of the park.  Ironically, they deny Plaintiffs' proposed use ***only during hours that present no issues of competing use, no businesses to interrupt, and few passersby to worry***.

If Defendants' denial of Plaintiffs' proposed overnight encampment stands, Plaintiffs will simply remove to a location across the street on a public sidewalk outside of Nordstrom's, opposite the park.  They unquestionably have a right to do so.  *See Metropolitan Council, Inc. v. Safir,* 99 F.Supp.2d 438 (S.D.N.Y. 2000) (demonstrators entitled to encamp on public sidewalk). It is evident that removal of the encampment from a closed park to a sidewalk that is constantly open to the public presents no fewer health and safety issues than allowing the assembly to remain in the park.

Defendants assert that, based *on Clark v. Community for Creative Non-Violence,*[1] Seattle's ban on camping in parks is constitutional.[2]  Plaintiffs have conceded[3] that the

---

[1] 468 U.S. 288, 104 S.Ct. 3065 (1984).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
TEMP. AND PERM. INJUNCTION

Page 4

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE:  (206) 551-1516

government has an interest in maintaining the attractiveness of public grounds. The governmental interest that the *Clark* Court held was advanced by the U.S. Parks Service was a prohibition on sleeping.[4]  (Note that in Clark, the Parks Service permitted the very overnight encampment with attended tents that Defendants here seek to preclude.)  However, the inquiry does not end there.

While the government concededly has an interest in a ban on sleeping in public parks, in order to "justify application of this policy to expressive conduct, however, the complete ban . . . **must be narrowly tailored to advance those interests**." *See Safir*, 99 F.Supp.2d at 444 (emphasis added). Narrow tailoring does not obligate the least restrictive or least intrusive means, "but it does bar the City from 'burden[ing] substantially more speech than is necessary to further' those interests."  *Id*. at 445, quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 799, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989) (emphasis added).

Where the restriction does not actually further the purported interest, the restriction must fail. *See Safir,* 99 F.Supp.2d at 445. In *Safir*, as here, an otherwise constitutional public sleeping ban was invalid as applied to a "large, planned, publicized protest [] accompanied by incidents of speech such as signs and literature explaining the protest."  99 F.Supp.2d at 444. The court held that the general ban was unconstitutional as applies to the protest (a sleeping vigil on public sidewalks to protest homelessness) because the government's interests in the general ban against public sleeping were not relevant to the protest, and thus the ban, as applied to the protest, was not "narrowly tailored."  *Id*. at 446.

---

[2] Defendants' Opposition at 6-7.
[3] Plaintiffs' Memorandum in Support of Temporary Restraining Order at p. 18, ln. 20-21.
[4] *Clark,* 468 U.S. at 296.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMP. AND PERM. INJUNCTION

Page 5

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE:  (206) 551-1516

The *Safir* Court considered that that practical concerns about the vigil interfering with other uses of the sidewalks were minimized when (i) the vigil would "occupy a limited amount of space," (ii) "standing protesters [would take up] . . . exactly the same amount of space" as sleeping protesters, and (iii) the government would not interfere with a standing protest. The Court further held that health and safety concerns justifying the general ban on public sleeping did not apply to the organized protest because (i) organizers planned to provide marshals to monitor the safety of sleeping protesters and (ii) the government planned to have a police presence throughout the event.

Here, as in *Safir*, the governmental interests claimed to support the camping ban are not relevant to this proposed overnight assembly, so the ban is not narrowly tailored with respect to Plaintiffs' demonstration. It is apparently undisputed that the businesses around Westlake are closed between the hours of 10:00 p.m. and 6:00 a.m. Defendants will not dispute that no major public use of Westlake Park occurs between the hours of 10:00 p.m. and 6:00 a.m. It is undisputed that the only hours in which Defendants intend to enforce the camping ban are from 10:00 p.m. and 6:00 a.m. It is not disputed that Plaintiffs' event, including both continuous political assembly and the use of "symbolic" tents, is expressive conduct.

The City claims that the following four governmental interests justify the ban.[5] First, the City claims an interest in preventing interference with businesses around Westlake. Second, the City claims an interest in preventing interference with competing public use of Westlake. Third, the City claims an interest in maintaining the attractiveness of public spaces. Fourth, the City claims an interest in health and safety.

---

[5] Exhibit 2 to Dec. of Harris

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
TEMP. AND PERM. INJUNCTION

Page 6

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

Patently, the first two interests are less affected by Plaintiffs' assembly in the park at night, during hours of closure, than during the daytime, when Defendants have already agreed to permit the planned activity. The third interest – attractiveness – will be minimally affected by a 24 hour assembly, no more so at night than during the daytime; and Defendants can condition permission to use the park overnight in ways that deal with attractiveness issues (e.g., proper disposal of garbage). Health and safety issues are similarly limited by the short duration of Plaintiffs' planned overnight assembly and can be dealt with by more narrowly tailored restrictions (e.g., compliance with fire code, no distribution of other than pre-packaged food, no flames or heating devices).

Again, it is difficult to conceive that Defendants' interests will be better served by the relocation of Plaintiffs' encampment across the street to the public sidewalk in front of Nordstrom's, where they unquestionably have a right to spend the night. *See Safir*, 99 F.Supp.2d at 444. Thus, Defendants' proposed denial of Plaintiffs' request for an overnight assembly in Westlake Park is not narrowly tailored to accomplish significant government interests.

2. <u>The actions of other speakers on other occasions cannot be used as a basis to prevent plaintiffs' proposed speech activity</u>

Defendants claim their experiences last fall with Occupy Seattle in Westlake Park in Fall 2011 as a basis for denying Plaintiffs' permit.[6] Though Defendants' brief is without citation to any declaration in support of these allegations, Plaintiffs will treat them as true and undisputed for purposes of this discussion because they are immaterial.

Defendants may not preclude Plaintiffs' proposed speech activity on the grounds that prior speakers on other occasions have violated the terms of permits issued by defendants or

---

[6] Defendants' Opposition at pp. 2-4, 12-13.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
TEMP. AND PERM. INJUNCTION

Page 7

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516

1  engaged in behavior that can be regulated or prevented consistent with the First Amendment.

2  *Collins v. Jordan*, 110 F.3d 1363, 1372 (9th Cir. 1996) (past instances of illegal conduct by other

3  actors on other occasions cannot be used to deny First Amendment activity by others

4  prophylactically).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant their request for a temporary restraining order or a preliminary injunction barring Defendants from denying Plaintiffs' requested use of Westlake Park from noon on April 24 through noon on April 25, 2012.

Respectfully submitted this 23rd day of April, 2012.

By: s/Braden Pence

Braden Pence #43495
Law Office of Braden Pence PLLC
1102 8th Ave, #714
Seattle, WA 98101
Telephone: (206) 551-1516
Fax: (206) 673-2223
Email: braden@pencefirm.com
Attorney for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMP. AND PERM. INJUNCTION

Page 8

LAW OFFICE OF BRADEN PENCE PLLC
1102 EIGHTH AVE., #714
SEATTLE, WA 98101
PHONE: (206) 551-1516